APPEL, Justice (dissenting).
I respectfully dissent. Consistent with my dissent in State v. Brown , 930 N.W.2d 840, 871-928 (Iowa 2019) (Appel, J., dissenting), and for the reasons expressed below, I would vacate the decision of the district court and remand for further proceedings.
I. Introduction.
In this case, Kayla Haas, the driver of a vehicle, challenges the validity of a stop of her automobile made by law enforcement that resulted in her arrest for driving while barred. Haas asserts the evidence *705 that arose from the stop-namely that she was driving the vehicle-should be suppressed because the real purpose of the stop was not traffic safety but rather to engage in a warrantless search and seizure of the vehicle for an investigative purpose unrelated to the rationale for the traffic stop. The district court denied Haas's motion to suppress and found her guilty of driving while barred.
II. Factual and Procedural Background.
A. Background Facts. Ames police received complaints about potential drug activity at a house. The police put the house under surveillance beginning on or about June 2, 2017. On June 8, the police executed a search warrant looking for drugs and stolen property. The record does not reveal the results of that search.
On June 9, police, who were parked down the block from the residence under surveillance, spotted a Ford Explorer parked outside the residence. The officers ran a license plate check on the Explorer that revealed the vehicle was owned by Haas. The police further learned that the owner of the vehicle, Haas, had been barred from driving due to prior violations.
The officers observed three people loading items into the vehicle. They further saw three people get into the vehicle but did not know who was driving. The officers at first lost track of the vehicle but then found it again on the road and followed the vehicle for a couple of turns. The officers then allegedly observed that the license plate light was not working, activated their lights, and stopped the vehicle.
After the stop, the officers identified Haas as the driver of the vehicle and placed her under arrest for driving while barred. The vehicle was seized and towed. Police conducted an inventory search of the contents of the vehicle, finding nothing incriminating. Haas was subsequently charged with driving while barred in violation of Iowa Code section 321.560 (2017).
B. Proceedings on Motion to Suppress. Haas filed a motion to suppress the evidence obtained in the course of the police stop of her vehicle. In the motion, Haas claimed she was subject to a pretextual stop in violation of article I, section 8 of the Iowa Constitution. In light of the motion, the district court held a suppression hearing.
Ames police officer Steven Spoon testified on behalf of the State. He said that he and his partner were members of the safe neighborhoods team, a unit that worked in higher crime areas. Spoon noted he was one of the officers who participated in the surveillance of the residence on the night of June 9.
Spoon testified that the safe neighborhoods team did not typically engage in traffic stops. Yet, in the two days prior to June 9, Spoon participated in two traffic stops of persons entering and leaving the residence in question.
Spoon testified that his partner ran a search on a vehicle parked in front of the house and determined the registered owner, Haas, was barred from driving due to previous traffic violations. Spoon told the court that three persons were seen coming out of the residence and entering the vehicle. Spoon asserted the officers could not tell who was driving.
Spoon testified that the vehicle pulled away from the house and the officers intended to follow the vehicle but lost it. Spoon noted, however, that the vehicle soon reappeared. A video offered into evidence showed the patrol car followed the vehicle for a couple of turns. At that point, Spoon testified, he noticed the license plate lamp was out on the vehicle. Spoon then initiated a stop of the vehicle.
*706 Spoon declared he approached the vehicle and determined Haas was the driver. Spoon placed Haas under arrest for driving while barred. After the arrest of Haas, the vehicle was impounded and a search conducted.
During the search of the vehicle, Spoon and other officers found a laptop computer. Spoon opened the computer and ran the serial number through dispatch to determine if it had been stolen. Police also found some watches, tools, and a firefighter's jacket that the officers believed could be valuable. An inventory prepared did not mention the watches or firefighter's jacket and did not list the tools that were found within the car.
The district court denied the motion to suppress. The district court reasoned that the officers involved in the stop "probably [had] a duty to stop somebody who they believed was committing the offense of driving while barred." The district court stated that although law enforcement had information about criminal activity at the house and were "maybe even hoping they would get the car driving away," the district court did not think the stop was pretextual.
In any event, the district court held that even if the stop was pretextual, it would not be a violation of the Iowa Constitution. The district court observed that probable cause to stop the vehicle existed for two reasons: driving while barred and operating a vehicle with an inoperable license plate light.
III. Standard of Review.
This court reviews constitutional issues de novo. State v. Gaskins , 866 N.W.2d 1, 5 (Iowa 2015). In engaging in de novo review, we "independently evaluate the totality of the circumstances found in the record." State v. Vance , 790 N.W.2d 775, 780 (Iowa 2010).
IV. Discussion.
This case is a companion case to Brown , 930 N.W.2d 840 (majority opinion). In Brown , the appellant claimed that a traffic stop executed by police was pretextual in nature, and as a result, the stop was unconstitutional under article I, section 8 of the Iowa Constitution. Id. at 843.
In my dissenting opinion in Brown , I explain that a pretextual traffic stop is unlawful under the Iowa Constitution but that the state should have the opportunity to show the underlying traffic stop would have occurred even without the pretextual motivation. Id. at 927 (Appel, J., dissenting). In this case, after a suppression hearing, the district court concluded the stop was not pretextual, and in any event, pretextual stops were not unconstitutional under article I, section 8 of the Iowa Constitution.
The district court in this case did not consider the precise factual question of whether the traffic stop "would have" been made without the larger pretextual investigative motive. While the district court speculated that the officers "probably [had] a duty" to stop the vehicle based on the possibility the driver was driving while barred, the record shows that the police did not immediately stop the vehicle when it drove away from the house based on a reasonable suspicion of a driving-while-barred violation. Instead, the officers followed the vehicle for a distance and only instigated the stop after uncovering an alleged equipment violation related to the license plate lights. This behavior arguably suggests that the officers, whether right or wrong, may have believed they did not have grounds to stop the vehicle based on Haas driving while barred. The question thus arguably becomes whether the stop for a license plate violation would have *707 occurred without the pretextual investigative motivation.
In any event, I would not make the necessary factual determination on appeal. That is the job of the district court. Because the district court did not make a factual determination of whether the stop would have occurred in any event, I would vacate the order denying the motion to suppress and remand the case to the district court for further proceedings.
V. Conclusion.
For the above reasons, I would vacate the order denying suppression and remand the case to the district court for further proceedings.
Wiggins, J., joins this dissent.